UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN MILES, #200838,

    Petitioner,

v.

    CASE NO. 12-12670
    HONORABLE NANCY G. EDMUNDS
    UNITED STATES DISTRICT JUDGE

THOMAS BIRKETT,

    Respondent.
_____/

**ORDER (1) GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME [DKT. 21]; (2) GRANTING IN PART PETITIONER'S MOTION FOR ACCESS TO CASE AUTHORITIES AVAILABLE ONLY IN ELECTRONIC DATABASES LEXIS & WESTLAW AND OTHER ACCESS-LIMITED PUBLICATIONS [DKT. 22]; AND (3) DENYING PETITIONER'S MOTION FOR BOND**

This is a habeas case under 28 U.S.C. § 2254. Marvin Miles, ("Petitioner"), is a state prisoner who is challenging the revocation of his parole status.

Before the Court are Petitioner's motions: (1) for an extension of time to file a reply to Respondent's Answer; (2) for discovery; and (3) for release on bond pending review of the petition.

1. Motion for Extension of Time

Petitioner requests additional time to respond to the Respondent's Answer. Specifically, Petitioner states that he cannot properly respond to the Answer until his has the materials requested in the motion for discovery. Respondent does not oppose the motion. FED. R. CIV. P. 6(b)(1)(A) authorizes the court to extend any time period specified in its orders for good cause. For the reasons stated in the motion, the Court will grant Petitioner's request, and it will give Petitioner thirty (30) days from the date he receives copies of the unpublished authorities relied upon by Respondent in

1

the Answer to file his reply.

    2. Motion for Discovery

Petitioner moves for Respondent to provide him with his parole revocation records and copies of the unpublished authorities cited to in the Answer to the Petition.

"Habeas petitioners have no right to automatic discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Rule 6(a) permits district courts to authorize discovery in habeas corpus proceedings "if and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so." Rules Governing Section 2254 Cases in the United States District Courts, R. 6(a). "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004), quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).

Petitioner alleges that a recording a "true certified copy" of his revocation hearing exists and should be produced by Respondent. At this point, the Court is not persuaded that such additional materials are necessary to adjudicate Petitioner's claims. Therefore the motion will be denied without prejudice with respect to these materials.

However, like other judges in this district, "This Court is concerned about the impact on the appearance of justice when an incarcerated pro se litigant like Petitioner lacks access to cases or court rules that are available only on electronic databases like LEXIS and Westlaw, 'thereby hampering the litigants' opportunities to understand and assert their legal rights.'" *Davis v. Lafler*, 692 F. Supp. 2d 705, 706 (E.D. Mich. 2009)(quoting *Lebron v. Sanders*, 557 F.3d 76, 78 (2d Cir.

2009)). Because it appears that Petitioner lacks access to electronic databases at the prison library, Respondent's counsel shall provide Petitioner with paper copies of any unpublished and any electronically-available-only opinions that counsel cited in its Answer. Respondent's counsel will also be directed to provide Petitioner with paper copies of published decisions which Petitioner says are not available at the prison library that are cited in the response.

3. Motion for Release on Bond

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Where the court finds no substantial claim that the petitioner is confined in violation of the Constitution, it need not reach the issue of whether exceptional circumstances exist which deserve special treatment in the interest of justice. *Id.* Because a habeas petitioner "is appealing a presumptively valid state conviction . . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Petitioner's motion fails to establish the existence of any extraordinary and exceptional circumstances which merit release on bond. Therefore, the Court denies the motion.

4. Conclusion

For the reasons stated above, Petitioner's motion for and extension of time to file a reply and to access to case authorities is **GRANTED**. Respondent's counsel shall provide Petitioner with paper copies of:

(1) any unpublished decisions and electronically-available-only opinions that are cited in the response; and

(2) any published decisions cited in the response from the following volumes that are not available to Petitioner:

(a) United States Supreme Court Reporter, volumes 1-89 (prior to 1970);

(b) Federal Reporter, 2nd Series, Volumes 1-420 (prior to 1970);

(c) Federal Supplement, 1st Series, Volumes 1-306 (prior to 1970);

(d) Michigan Reports, Volumes 1-423.

Petitioner may file a reply brief within thirty (30) days of receiving these materials.

Petitioner motion for discovery is otherwise **DENIED WITHOUT PREJUDICE**.

Petitioner's motion for bond is **DENIED**.

**SO ORDERED**.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 18, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 18, 2013, by electronic and/or ordinary mail.

S/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol A. Hemeyer